IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>KEYSTONE TUBE COMPANY, LLC,[1] et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 17-11330 (LSS)<br><br>(Joint Administration Requested)<br><br>**Re: Docket No. 13** |

**INTERIM ORDER (I) AUTHORIZING PAYMENT OF
PREPETITION CLAIMS OF GENERAL UNSECURED CREDITORS
AND (II) AUTHORIZING APPLICABLE BANKS AND OTHERFINANCIAL
INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS**

Upon the motion, dated June 18, 2017 (the "Motion")[2], of the above-captioned debtors, as debtors and debtors in possession (collectively, the "Debtors"), for entry of interim and final orders (i) authorizing, but not directing, the Debtors to pay the prepetition claims of general unsecured creditors in the ordinary course of business pursuant to sections 105(a), 362(d), 363(b), and 503(b)(9) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, and (ii) authorizing applicable banks and financial institutions (collectively, the "Banks") to receive, honor, process, and pay all checks issued or to be issued and electronic funds transfers requested or to be requested relating to the above, as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: Keystone Tube Company, LLC (8746); A.M. Castle & Co. (9160); HY-Alloy Steels Company (9160); Keystone Services, Inc. (9160); and Total Plastics, Inc. (3149). The location of the Debtors' headquarters and service address is 1420 Kensington Road, Suite 220, Oak Brook, IL 60523.
[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing on the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003; and is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on an interim basis as set forth herein.

2. To the extent set forth herein, the Debtors are authorized, but not directed, pursuant to sections 105(a), 362(d), 363(b), and 503(b)(9) of the Bankruptcy Code, to satisfy Trade Claims in the ordinary course of business, in an interim amount not to exceed $10,250,000 in the aggregate; *provided that* any Trade Creditor receiving payment on its Trade Claim will be deemed to agree to maintain or reinstate trade terms during the pendency of these chapter 11 cases that are at least as favorable as the most favorable trade terms existing in the six (6) months before the Petition Date or such other trade terms acceptable to the Debtors (the "Customary Trade Terms").

3. If a Trade Creditor, after receiving payment on account of a Trade Claim, ceases to provide Customary Trade Terms or otherwise fails to perform under a contract with a Debtor, the Debtors, in their sole discretion, may then take any and all appropriate steps to cause such Trade Creditor to repay payments made to it on account of its prepetition Trade Claim to the extent that such payments exceed the postpetition amounts then owing to such Trade Creditor.

4. The Banks are authorized, at the Debtors' request, to receive, process, honor, and pay, to the extent of funds on deposit, any and all checks issued or to be issued or electronic funds transfers requested or to be requested by the Debtors relating to the Trade Claims.

5. The Debtors are authorized, but not directed, to issue new postpetition checks or effect new postpetition electronic funds transfers in replacement of any checks or transfer requests on account of the prepetition Trade Claims dishonored or rejected as a result of the commencement of the Debtors' chapter 11 cases.

6. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Order or any payment made pursuant to this Order shall constitute, nor is it intended to constitute: (a) an admission as to the validity or priority of any claim or lien against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim or lien on any grounds; (c) a request or authorization to assume any prepetition agreement, contract, or lease under section 365 of the Bankruptcy Code; (d) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; (e) a promise or requirement to pay any

prepetition claim; or (f) any implication or admission that any portion of a claim is of a type specified in this Order or the Motion.

7. Notwithstanding anything to the contrary herein, (i) any payments made, or to be made, by the Debtors pursuant to the authority granted in this Order, and any authorization contained in this Order, must be in compliance with, and shall be subject to, the requirements imposed on the Debtors under the terms and conditions of the interim or final orders approving the Debtors' use of cash collateral (in either case, the "Cash Collateral Order") and any postpetition financing agreements (the "DIP Documents") and any orders of this Court relating thereto (the "Financing Order"), and consistent in all respects with the Budget (as defined therein) approved in connection therewith, and (ii) to the extent there is any inconsistency between the terms of the Cash Collateral Order and Financing Order on the one hand and any action taken or proposed to be taken hereunder, the terms of the Cash Collateral Order and Financing Order shall control.

8. The requirements of Bankruptcy Rule 6003(b) have been satisfied.

9. The requirements of Bankruptcy Rule 6004(a) are waived.

10. Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

11. The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

13. A final hearing to consider the relief requested in the Motion shall be held on _July 17_, 2017, at _1:30 pm_ (Prevailing Eastern Time) and any objections or responses to the Motion shall be filed and served so as to be actually received on or before _July 10_, 2017, at 4:00 p.m. (Prevailing Eastern Time).

Dated: _June 20_, 2017

_____
Honorable Laurie Selber Silverstein
United States Bankruptcy Judge