IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| KEYSTONE TUBE COMPANY,[1] LLC, et al., | Case No. 17-11330 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 15** |

**ORDER (I) SCHEDULING COMBINED HEARING ON
(A) ADEQUACY OF DISCLOSURE STATEMENT, (B) CONFIRMATION
OF PREPACKAGED PLAN OF REORGANIZATION, AND
(C) THE ASSUMPTION OF EXECUTORY CONTRACTS AND
CURE AMOUNTS; (II) FIXING THE DEADLINES TO OBJECT TO
DISCLOSURE STATEMENT, PREPACKAGED PLAN, AND PROPOSED
ASSUMPTION OR REJECTION OF EXECUTORY CONTRACTS AND CURE
COSTS; (III) APPROVING (A) PREPETITION SOLICITATION PROCEDURES,
(B) FORM AND MANNER OF NOTICE OF COMMENCEMENT, COMBINED
HEARING, ASSUMPTION OF EXECUTORY CONTRACTS AND CURE AMOUNTS
RELATED THERETO, AND OBJECTION DEADLINES, AND (C) FORM AND
MANNER OF NOTICE OF EQUITY HOLDER ELECTION FORMS; (IV)
CONDITIONALLY (A) DIRECTING THE UNITED STATES TRUSTEE
NOT TO CONVENE SECTION 341(a) MEETING OF CREDITORS
AND (B) WAIVING REQUIREMENT OF FILING STATEMENTS OF
FINANCIAL AFFAIRS AND SCHEDULES OF ASSETS AND
LIABILITIES; AND (V) GRANTING RELATED RELIEF**

Upon the motion (the "Motion") of the above-captioned debtors and debtors

in possession (collectively, the "Debtors") for the entry of an order (this "Scheduling

Order") (i) scheduling a combined hearing on (a) the adequacy of the Disclosure Statement

(as defined below), (b) confirmation of the prepackaged Plan (as defined below), and (c) the

proposed assumption or rejection of executory contracts and cure amounts; (ii) fixing the

deadlines to object to the Disclosure Statement, Plan, and proposed assumption or rejection

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: Keystone Tube Company, LLC (8746); A.M. Castle & Co. (9160); HY-Alloy Steels Company (9160); Keystone Services, Inc. (9160); and Total Plastics, Inc. (3149). The location of the Debtors' headquarters and service address is 1420 Kensington Road, Suite 220, Oak Brook, IL 60523.

1

of executory contracts and cure amounts; (iii) approving (a) the prepetition solicitation procedures, (b) the form and manner of notice of commencement, combined hearing, assumption or rejection of executory contracts and cure amounts, and objection deadlines, and (c) the form and manner of notice of the Equity Holder Election Forms; (iv) conditionally (a) directing the U.S. Trustee not to convene a section 341(a) meeting of creditors and (b) waiving the requirement to file statements of financial affairs and schedules of assets and liabilities; and (v) granting related relief; and upon consideration of the First Day Declaration and the Voting Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware,* dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and opportunity for a hearing on the Motion having been given; and the relief requested in the Motion being in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

    1.    The relief requested in the Motion is GRANTED as set forth herein.

2. The Combined Hearing (at which time this Court will consider, among other things, the adequacy of the Disclosure Statement, confirmation of the Plan, assumption and rejection of Executory Contracts and Unexpired Leases, and Cure Amounts) will be held before this Court on August 2, 2017 at 10:00 a.m. ~~p.m.~~ (prevailing Eastern Time). The Combined Hearing may be continued from time to time by the Court without further notice other than adjournments announced in open court or in the filing of a notice or a hearing agenda in these Chapter 11 Cases, and notice of such adjourned date(s) will be available on the electronic case docket.

3. Any responses or objections to the adequacy of the Disclosure Statement or confirmation of the Plan must: (i) be in writing, (ii) conform to the applicable Bankruptcy Rules and Local Rules; (iii) set forth the name of the objecting party, the basis for the objection, and the specific grounds thereof; and (iv) be filed with the Court, together with a proof of service, no later than 4:00 p.m. (prevailing Eastern Time) on July 19, 2017. Any responses or objections to the assumption or rejection of Executory Contracts and Unexpired Leases or Cure Amounts must: (i) be in writing, (ii) conform to the applicable Bankruptcy Rules and Local Rules; (iii) set forth the name of the objecting party, the basis for the objection, and the specific grounds thereof; and (iv) be filed with the Court, together with a proof of service, no later than 4:00 p.m. (prevailing Eastern Time) on July 19, 2017. In addition to being filed with the Court, any such response or objection referred to in this Paragraph must also be served on the following parties: (i) the Debtors, A.M. Castle & Co., Corporate Office, 1420 Kensington Road, Suite

220, Oak Brook, IL 60523 (Attn: Patrick R. Anderson); (ii) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899-8705 (Courier 19801) (Attn: Richard M. Pachulski, Jeffrey N. Pomerantz, Maxim B. Litvak, and Peter J. Keane); (iii) counsel to the Ad Hoc Lender Committee, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019-6064 (Attn: Andrew N. Rosenberg, Esq., Jacob A. Adlerstein, Esq. and Adam M. Denhoff, Esq.), and Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, DE 19801 (Attn: Pauline K. Morgan, Esq.); (iv) counsel to SGF, Inc., Goodwin Procter LLP, The New York Times Building, 620 Eighth Avenue, New York, NY 10018 (Attn: Michael H. Goldstein) and Pepper Hamilton LLP, Hercules Plaza, Suite 5100, 1313 N. Market Street, P.O. Box 1709, Wilmington, DE 19899-1709 (Attn: David M. Fournier); and (v) the Office of the United States Trustee for the District of Delaware, 844 King St., Suite 2207, Wilmington, DE 19801 (collectively, the "Notice Parties") by the applicable Objection Deadline. **Any objections not timely filed and served in the manner set forth in this Scheduling Order may, in the Court's discretion, not be considered and may be overruled.**

4. The Debtors and other Plan supporters may file reply briefs in response to any objections to the adequacy of the Disclosure Statement or confirmation of the Plan by no later than ~~three (3) Business Days before the Combined Hearing~~ July 25, 2017. The Debtors and other Plan supporters may file reply briefs in response to any objections to the

4

assumption or rejection of Executory Contracts and Unexpired Leases or Cure Amounts at any time prior to the Combined Hearing.

5. The schedule of events set forth below relating to confirmation of the Plan is hereby approved in its entirety, and the Court hereby finds the following schedule of events is consistent with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules:

| Summary of Timetable | |
|---|---|
| Voting Record Date | May 10, 2017 (prepetition) |
| Commencement of Solicitation | May 15, 2017 (prepetition) |
| Voting Deadline | June 2, 2017, at 4:00p.m. (prevailing Eastern Time) (prepetition) |
| Plan Supplement Filing Date | ~~Five (5) Business Days prior to the Combined Hearing~~ July 19, 2017 |
| Plan/Disclosure Statement Objection Deadline | July 19, 2017, at 4:00 p.m. (prevailing Eastern Time) |
| Executory Contract Objection Deadline | July 19, 2017, at 4:00 p.m. (prevailing Eastern Time) |
| Equity Holder Election Deadline | July 26, 2017, at 4:00 p.m. (prevailing Eastern Time) |
| Plan/Disclosure Statement Reply Deadline | ~~Three (3) Business Days prior to the Combined Hearing~~ July 25, 2017 |
| Combined Hearing Date | August 2, 2017, at 10:00 a.m (prevailing Eastern Time) |

6. The Debtors are authorized to combine the notice of the Combined Hearing and the Objection Deadlines (and related procedures) with the notice of commencement of these Chapter 11 Cases.

7. Notice of the Combined Hearing as proposed in the Motion and the form of Combined Notice, substantially in the form attached hereto as **Exhibit 1**, shall be deemed good and sufficient notice of the Combined Hearing and no further notice need be

given. The Debtors shall cause the Voting Agent to mail a copy of the Combined Notice to the parties set forth in the Motion within ~~two~~ one (1) Business Day of the entry of this Scheduling Order or as soon as reasonably possible.

8. The Debtors are authorized, but not directed, pursuant to Bankruptcy Rule 2002(1), to give supplemental publication notice of the Combined Hearing and Objection Deadlines (in a form substantially similar to **Exhibit 2** hereto) not less than twenty-one (21) days prior to the Combined Hearing Date in the *Chicago Tribune* and the national edition of *USA Today,* and any additional trade or other publications the Debtors deem necessary, in their sole discretion, which publication notice will constitute good and sufficient notice of the Combined Hearing and the Objection Deadlines (and related procedures) to persons who do not receive the Combined Notice by mail.

9. Notice of the assumption of Executory Contracts and Unexpired Leases, and associated Cure Amounts, as proposed in the Motion and the form of Assumption and Cure Notice, substantially in the form attached hereto as **Exhibit 3**, shall be deemed good and sufficient notice of such proposed assumption and no further notice need be given. The Debtors shall cause the Voting Agent to mail a copy of the Assumption and Cure Notice to the parties set forth in the Motion within two (2) Business Days of the entry of this Scheduling Order or as soon as reasonably possible.

10. The notice procedures set forth in this Scheduling Order constitute good and sufficient notice of the commencement of the Chapter 11 Cases, the Combined Hearing, the Objection Deadlines, and procedures for objecting to the adequacy of the

Disclosure Statement, confirmation of the Plan, assumption and rejection of Executory Contracts and Unexpired Leases and Cure Amounts.

11. The Debtors are authorized to mail the Combined Notice to the Non-Voting Holders, in accordance with the terms of this Scheduling Order, in lieu of sending such Non-Voting Holders copies of the Disclosure Statement and the Plan and, except to the extent necessary to comply with Local Rule 3017-1(c), the requirements under the Bankruptcy Rules or the Local Rules, including Bankruptcy Rule 3017(d), to transmit copies of the Disclosure Statement and Plan to Non-Voting Holders are hereby waived with respect to such Non-Voting Holders.

12. To the extent the Nominees incur out-of-pocket expenses in connection with distribution of the Combined Notice to beneficial Holders, the Debtors are authorized, but not directed, to reimburse such Nominees for their reasonable and customary expenses incurred in this regard.

13. The Solicitation Procedures utilized by the Debtors for distribution of the Solicitation Packages as set forth in the Motion in soliciting acceptances and rejections of the Plan satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules and are approved.

14. The Ballots, substantially in the forms attached to the Motion as **Exhibit 4**, **Exhibit 5**, and **Exhibit 6**, are approved.

15. The Tabulation Procedures used for tabulations of votes to accept or reject the Plan as set forth in the Motion and as described in the Solicitation Package are approved.

16. The Equity Holder Election Forms, substantially in the forms attached to this Order as **Exhibit 7**, are approved. The Debtors shall serve the Equity Holder Election Forms on all Holders of Class 8 Equity Interests in Parent (or their nominees) no later than five (5) Business Days after the entry of this Order. Holders of Class 8 Equity Interest in Parent who wish to make the Release Opt-Out Election must properly complete an Equity Holder Election Form and return it to the Voting Agent so as to be received no later than 4:00 p.m. (prevailing Eastern Time) on ___July 26___, 2017 (the "Equity Holder Election Deadline"). Holders of Class 8 Equity Interest in Parent who do not return an Equity Holder Election Form so as to be received on or before the Equity Holder Election Deadline will be deemed to consent to the releases in the Plan.

17. The 341(a) Meeting shall be waived unless the Plan is not substantially consummated on or before August 31, 2017, without prejudice to the Debtors' right to request further extension thereof.

18. Cause exists to extend the time by which the Debtors must file the SOFAs and Schedules until August 31, 2017, without prejudice to the Debtors' rights to request further extensions thereof. If the Plan is substantially consummated on or before August 31, 2017, the requirement to file SOFAs and Schedules in the Chapter 11 Cases shall be waived without the requirement of any further action on any Debtor's part.

19. Without limiting the foregoing, the Debtors may further extend the deadline to convene the 341(a) Meeting and file Schedules and SOFAs without filing a supplemental motion, and without further order from the Court, provided that the Debtors obtain the advance written consent of the U.S. Trustee.

20. Notwithstanding the applicability of Bankruptcy Rules 3020(e), 6004(h), and 9014, the terms and conditions of this Scheduling Order shall be effective and enforceable immediately upon its entry.

21. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules 4001(d) and 6004(a) are waived.

22. The Debtors are authorized and empowered to take all actions necessary or appropriate to effectuate the relief granted in this Scheduling Order.

23. All time periods set forth in this Scheduling Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

24. This Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation, implementation, and enforcement of this Scheduling Order.

Dated: June 20, 2017
Wilmington, Delaware

HONORABLE LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE