IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| KEYSTONE TUBE COMPANY, LLC,[1] et al., | Case No. 17-11330 (LSS) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 24** |

**ORDER AUTHORIZING THE DEBTORS TO
(I) RATIFY AND IMPLEMENT THE EXIT FACILITY COMMITMENT
LETTER, (II) PAY AND REIMBURSE RELATED FEES AND
EXPENSES, AND (III) INDEMNIFY THE PARTIES THERETO**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), authorizing the Debtors to (i) ratify and implement the *$125,000,000 Senior Secured Facilities Exit Facility Commitment Letter Agreement* dated June 1, 2017 (including the Exit Facility Term Sheet (as defined therein), as amended, modified, waived, or supplemented from time to time in accordance with its terms, the "Exit Facility Commitment Letter") with PNC Bank, National Association ("PNC") attached hereto as **Exhibit A**, (ii) pay and reimburse related fees and expenses, and (iii) indemnify the parties thereto, pursuant to sections 105(a), 363(b), 364, 503(b), and 507(a) of title 11 of the United States Code (the "Bankruptcy Code"); and it appearing that the relief requested in the Motion is in the best interest of the Debtors' estates, their creditors and other parties-in-interest; and it appearing that this Court has jurisdiction over this matter pursuant

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: Keystone Tube Company, LLC (8746); A.M. Castle & Co. (9160); HY-Alloy Steels Company (9160); Keystone Service, Inc. (9160); and Total Plastics, Inc. (3149). The location of the Debtors' headquarters and service address is 1420 Kensington Road, Suite 220, Oak Brook, IL 60523.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

to 28 U.S.C. §§ 157 and 1334; and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and it appearing that this Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and adequate notice of the Motion having been given under the circumstances and no further notice need be given; and after due deliberation and cause appearing therefore; it is hereby:

**IT IS HEREBY FOUND AND DETERMINED THAT:**[3]

1. This Court has core jurisdiction over these chapter 11 cases, the Motion, this Order, and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested in the Motion are sections 105(a), 363(b), 364, 503(b), and 507(a) of the Bankruptcy Code and Rules 6004(h) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2. The notice given by the Debtors of the Motion and the hearing thereon constitutes proper, timely, adequate and sufficient notice thereof and complies with the Bankruptcy Code, the Bankruptcy Rules and applicable local rules, and no other or further notice is necessary.

---

[3] This Order constitutes the Court's findings of fact and conclusions of law under Fed. R. Civ. P. 52, as made applicable herein by Bankruptcy Rules 7052 and 9014. Any and all findings of fact shall constitute findings of fact even if stated as conclusions of law, and any and all conclusions of law shall constitute conclusions of law even if stated as findings of fact.

3. The Debtors' decision to ratify, implement, and continue to perform their obligations under the Exit Facility Commitment Letter is a sound exercise of their business judgment and is based on good, sufficient and sound business purposes and justifications.

4. The terms and conditions of the Exit Facility Commitment Letter, including the fees and expenses set forth therein, are fair and reasonable and were negotiated at arm's length and in good faith.

5. The indemnification provisions contained in the Exit Facility Commitment Letter, and the reimbursement provisions regarding the PNC Expenses are integral components of the transaction, without which PNC would not have entered into the Exit Facility Commitment Letter.

6. The relief requested in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is granted as set forth herein.

2. The Debtors are authorized to (i) ratify and implement the Exit Facility Commitment Letter in its entirety, (ii) comply with the terms thereof and perform their obligations thereunder, and (iii) take any and all actions necessary to implement the terms of the Exit Facility Commitment Letter. The Debtors are not required to re-execute the Exit Facility Commitment Letter.

3. The Exit Facility Commitment Letter may be modified, amended, supplemented or waived by the parties thereto in accordance with the terms thereof, in each case without further order of the Court.

4. The Debtors are authorized to pay the PNC Expenses in accordance with the terms of the Exit Facility Commitment Letter. To the extent that any PNC Expenses were incurred prepetition and remain unpaid as of the date hereof, the Debtors are authorized to pay such PNC Expenses. Without limiting any other provision of this Order, the Court finds that the PNC Expenses provided under the Exit Facility Commitment Letter: (i) are necessary to the preservation of the Debtors' estates and are approved and allowed as administrative expenses pursuant to sections 503(b) and 507(a) of the Bankruptcy Code, and (ii) shall be payable pursuant to the terms of the Exit Facility Commitment Letter. Under no circumstances shall the PNC Expenses be subject to any otherwise applicable set-off, counterclaim, or recoupment. None of the PNC Expenses shall be subject to further approval of the Court and no recipient of any PNC Expenses shall be required to file any interim or final application with the Court as a condition precedent to the Debtors' obligation to pay such PNC Expenses. None of the PNC Expenses, nor the prepetition deposit, shall be subject to avoidance under sections 542, 547, or 548 of the Bankruptcy Code. The Debtors are authorized and directed to pay any PNC Expenses regardless of whether the Exit Facility is consummated.

5. PNC is authorized to retain the deposit paid by the Debtors prepetition (subject to the terms of the Exit Facility Commitment Letter). The automatic stay of section 362

of the Bankruptcy Code is hereby deemed modified to the extent necessary to enable PNC to deduct any PNC Expenses from the deposit.

6. The indemnification in favor of the Indemnified Persons (including PNC) contained in the Exit Facility Commitment Letter is hereby approved. The Debtors are authorized to indemnify each Indemnified Person in accordance with the terms of the Exit Facility Commitment Letter. Without limiting any other provision of this Order, the Court finds that the indemnification of the Indemnified Persons provided under the Exit Facility Commitment Letter is necessary to the preservation of the value of the estates and is approved and allowed as an administrative expense pursuant to sections 503(b) and 507(a) of the Bankruptcy Code in the event that such indemnification obligation arises. The automatic stay of section 362 is deemed modified to the extent necessary to enable the parties to the Exit Facility Commitment Letter to perform thereunder, and to exercise any and all of their contractual rights thereunder, without seeking further relief from the automatic stay, and neither the Debtors nor any other party in interest may enforce the automatic stay against PNC or any indemnified person under the indemnity obligations under the Exit Facility Commitment Letter with respect to such rights.

7. The provisions and effect of this Order, any actions taken pursuant to this Order, and the respective rights, obligations, remedies and protections provided for herein shall survive the conversion, dismissal or closing of these chapter 11 cases or the appointment of a trustee herein, and the terms and provisions of this Order shall continue in full force and effect notwithstanding the entry of any such order.

8. The Debtors are further authorized to take any and all actions necessary or appropriate to effectuate the relief granted pursuant to this Order.

9. Notwithstanding Bankruptcy Rule 6004(h), this Order shall take effect immediately upon its entry.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Rule 6004(a) and the Local Rules are satisfied by such notice.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

12. All objections to the Motion or relief requested therein that have not been withdrawn, waived or settled, and all reservations of rights included therein, are overruled on the merits.

13. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: July 6, 2017

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE